## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOUREY NEWELL, | ) | |
| | ) | |
|      Plaintiff, | ) | Civil Action File No. |
| vs. | ) | 2:16-cv-04946-TJS |
| | ) | |
| AMCOL SYSTEMS, INC. | ) | |
| | ) | |
|      Defendant. | ) | |
| | ) | |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, AMCOL Systems, Inc., submits this Brief in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### FACTUAL ALLEGATIONS[1]

Plaintiff originally filed his Complaint in the Magisterial District Court for Montgomery County, Pennsylvania. The Complaint contains but one paragraph consisting of the following factual allegations:

- On July 31, 2016, Defendant called Plaintiff's private telephone using an automatic telephone dialing systems which played an artificial voice.

- Defendant did not have Plaintiff's prior express consent to call his private number and that number was on the Federal Do-Not-Call list.

- Defendant is a collection agency and used deceptive practices by failing to inform him that the phone call was an attempt to collect a debt.

- Defendant denied Plaintiff's request for validation of the debt.

- Defendant denied Plaintiff's request to be placed on Defendant's internal Do-Not-Call list or provide him with a copy of its Do-Not-Call policy.

---

[1] Plaintiff's allegations are treated as true for the purpose of this Motion only.

Plaintiff alleges, without any specificity, that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., more specifically violations of 47 U.S.C. § 227(c)(3)(F), (b)(1)(B), and (e) and 47 C.F.R. 64.12(c)(2).  He also alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

## ARGUMENT

### I.  STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *See*, *Phillips v. County of Alleghany*, 515 F.3d 224, 233 (3rd Cir. 2008).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007).  "The complaint must contain sufficient *factual* matter to be plausible on its face.  *Id*. [emphasis added].

### II.  TELEPHONE CONSUMER PROTECTION ACT

Plaintiff alleges that Defendant's conduct violated 47 U.S.C. § 227(b)(1)(B), (c)(3)(F), and (e) of the TCPA as well as one provision of the Code of Federal Regulations.  [47 C.F.R. 64 12(a)(2)].  Plaintiff's TCPA claims fail because: 1) debt collection calls to a residential telephone are exempt from the TCPA, and 2) debt collection calls are not telephone solicitations.  Defendant will address each of Plaintiff's claims.

#### a.  47 U.S.C. § 227(b)(1)(B)

Plaintiff's 47 U.S.C. § 227(b)(1)(B) claim fails because debt collection calls to residential telephone numbers are exempt under the TCPA.  Although the TCPA prohibits calling a residential telephone line using an artificial or prerecorded voice without the called party's consent, residential telephone calls can be exempted by Federal Communication Commission

("FCC").  *See,* 47 U.S.C. § 227(b)(1)(B).  In 1992, the FCC established an exemption for artificial voice or prerecorded debt collection calls to residences because they are "commercial calls which do not adversely affect privacy rights and which do not transmit unsolicited advertisement." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Rcd. 8752, 8773 (Oct. 16, 1992).  The FCC rejected an invitation from commenters to establish a specific exemption for debt collection calls because such calls would fall under the FCC's exemption for commercial calls which do not transmit an unsolicited advertisement and for established business relationships.  *Id.* at 8772.  This exemption has been reaffirmed in subsequent orders by the FCC and is codified at 47 C.F.R. § 64.1200(a)(2)(iii). *See*, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12400 (July 26, 1995); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd. 559, 561 (Jan. 4, 2008); and *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 27 FCC Rcd. 1830, 1834 (Feb. 15, 2012).  Whether there is an existing business relationship is irrelevant because "calls made purely for the purpose of collecting a debt clearly constitute calls 'made for a commercial purpose' that 'do[] not include or introduce unsolicited advertisement or constitute a telephone solicitation,' § 64.1200(a)(2)(iii), whether they are made to a debtor or non-debtor." *Anderson v. Afni, Inc.,* 2011 WL 1808779, *9 (E.D.Pa. May 11, 2011) *disagreed with on other grounds by Leyse v. Bank of America Ass'n*, 804 F.3d 316, 322 (3rd Cir. 2015).

The crux of Plaintiff's Complaint is that Defendant attempted to collect a debt from him. This is evident based on his allegations that Defendant is a "collection agency" and that it violated the FDCPA, which relates only to attempts to collect a debt.  Based on this behavior, he

alleges that Defendant violated the TCPA by calling his residential telephone number.[2]   These allegations are fatal to Plaintiff's Complaint because debt collection calls to a residential telephone, are exempt from the TCPA's prohibitions.  *See*, *Anderson v. Afni, supra* and *Hoover v. Monarch Recovery Management, Inc.,* 888 F. Supp. 2d 589, 604-605 (E.D. Pa. 2012).  Since Plaintiff's claim is that he received debt collection calls to a residential telephone, his claim fails as a matter of law.

Therefore, Defendant requests that this Motion be granted and Plaintiff's 47 U.S.C. §227(b)(1)(B) claim be dismissed with prejudice.

**b.  47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2)**

Plaintiff alleges that Defendant violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), presumably, by calling his telephone number that was included on the "Federal Do-Not-Call" list.  The TCPA prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber include in such data base."  47 U.S.C. § 227(c)(3)(F).  Plaintiff's claim fails because the calls at issue were debt collection calls, not telephone solicitation.   The FCC has specifically stated that debt collection calls are not telephone solicitations: "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing.  Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd. 559, 565 (Jan. 4, 2008).  Since the calls at issue were to collect a debt, they cannot be telephone solicitations.

---

[2] Although he only refers to his telephone as his "private number" his only claim is for violating 47 U.S.C. §227(b)(1)(B) which applies only to <u>residential</u> telephones as opposed to § 227(b)(1)(A)(iii) which relates to <u>cellular</u> telephones.

Therefore, Plaintiff fails to state a claim and Defendant's motion should be granted. Defendant respectfully requests that Plaintiff's 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2) claims be dismissed with prejudice.

**c.  47 U.S.C. § 227(e)**

**i.  No Private Right of Action.**

Plaintiff alleges Defendant violated 47 U.S.C. § 227(e).  However, no private right of action exists for that claim.  *See*, *Clark v. Avatar Technologies PHL, Inc.,* 2014 WL 309079, *3 (S.D.Tex. April 3, 2014).  Since there is no private right of action, Plaintiff's 47 U.S.C. § 227(c)(3)(F) claim should be dismissed with prejudice.

**ii.  No Factual Allegations.**

Even if a private right of action did exist, Plaintiff has failed to include any factual allegations related to this claim.  Under 47 U.S.C. § 227(e), it is unlawful for any person "in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value."  47 U.S.C. §227(e)(1).  The Complaint is completely devoid of any facts relating to this claim. There is no mention of caller ID or any intent on Defendant's part.  Although the Plaintiff is not required to provide detailed facts, he must provide some facts.  Here, there are no facts at all.

Therefore, this Motion should be granted and Plaintiff's 47 U.S.C. § 227(e) claim should be dismissed.

## III.    FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff alleges that Defendant is a collection agency and its actions violated the FDCPA. Plaintiff's FDCPA claims fail in their entirety because Plaintiff has failed to allege necessary factual allegations to establish his FDCPA claim.

### d.  <u>Plaintiff Fails To Allege Each Element Of An FDCPA Claim.</u>

To state a claim for a violation of the FDCPA and plaintiff must allege each of the following elements: "(1) He or she is a 'consumer' who is harmed by a violation of the FDCPA; (2) The 'debt' arises out of a transaction entered into primarily for personal, family or household purpose; (3) The defendant collecting the debt is a 'debt collector,' and (4) The defendant has violated, by act or omission, a provision of the FDCPA." *Berk v. J.P.Morgan Chase Bank, N.A.*, 2011 WL 4467746, *3 (E.D.Pa. Sept. 26, 2011). Failure to allege each of these facts is sufficient grounds for a court to grant a motion to dismiss. *Id.*

Plaintiff has failed to provide any factual allegations related to the first three elements. The Complaint is devoid of any allegations as to the debt and whether it was incurred primarily for a personal, family or household purpose. Without factual allegations about the debt at issue there is no way of knowing if the FDCPA even applies. Furthermore, the Complaint does not allege whether Defendant is a "debt collector." The FDCPA does not apply to every entity or person that attempts to collect a debt, only those entities and/or persons as defined by 15 U.S.C. § 1692a(6). At most, Plaintiff alleges that Defendant is a collection agency. That is insufficient. Without these crucial factual allegations, Plaintiff has failed to allege an FDCPA claim, and that alone, is sufficient grounds for dismissal of this case. *Id.*

Defendant respectfully requests that this Motion be granted and Plaintiff's FDCPA claims be dismissed without prejudice.

**e.  No Allegation That Plaintiff Timely Disputed The Debt Or That Collection Continued.**

Plaintiff alleges that Defendant denied his request for validation of the debt but does not identify a corresponding FDCPA code section.  Defendant assumes that Plaintiff is asserting a claim under 15 U.S.C. § 1692g(b).  Even if Plaintiff properly alleged an FDCPA claim, any claim under § 1692g(b) would fail.  The FDCPA allows a consumer, within 30 days receipt of the notice containing the 1692g(a) disclosures, to dispute the debt and/or request verification.  15 U.S.C § 1692g(b).   If the dispute is timely, then the debt collector must cease collection until it provides verification of the debt to the consumer.  *Id.*  In order to state a claim under § 1692g(b), the dispute must be timely made (within the 30 days of receipt of the notice).  *Christion v. Pressler & Pressler, LLP*, 2010 WL 988547, *3 (D.N.J. March 11, 2010).   There are no allegations that Plaintiff timely requested verification.  Without such an allegations his 1692g(b) claim fails.

Even if Plaintiff alleged he timely disputed the debt and requested verification, his § 1692g(b) claim still fails.  In response to a timely dispute, a debt collector has two options under § 1692g(b): 1) provide verification, or 2) cease collection.  15 U.S.C. § 1692g.  *See also*, *Jang v. A.M. Miller and Associates,* 122 F.3d 480, 483-484 (7th Cir. 1997).  There are no allegations that Defendant continued collecting the debt after Plaintiff requested verification.   Absent that allegation, there is no violation of §1692g(b).

## IV.  CONCLUSION

Plaintiff's TCPA claims fail for two reasons: 1) debt collection calls to a residential telephone number are exempt from the TCPA, and 2) since they were debt collection calls they cannot be telephone solicitations.  Based on these two reasons, Plaintiff's TCPA claims should be dismissed with prejudice.  Plaintiff's FDCPA claims fail because Plaintiff has failed to allege

the elements of an FDCPA claim.   Therefore, Plaintiff's FDCPA claims should be dismissed without prejudice.

/s/ Ronald S. Canter, Esquire
Ronald S. Canter, Esquire
Bar #94000
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterllc.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on September 21, 2016 I have served a copy of the within and foregoing Defendant's Brief in Support of Motion to Dismiss by first class mail, postage prepaid to:

Jourey Newell
409 Brandywine Ln
King of Prussia, Pennsylvania 19406

/s/ Ronald S. Canter, Esquire
Ronald S. Canter, Esquire